JOHN W. GOODWIN, Respondent, *v.* RUSHANNA GOODWIN, Appellant.

*Judgment annulling a marriage — not set aside after twelve years because of a defect in an affidavit of service of notice of trial — objection that the plaintiff when he married the defendant knew that she had a living husband.*

A judgment annulling a marriage on the ground that the defendant had a husband living at the time she contracted the marriage, rendered upon the failure of the defendant, who had interposed an answer, to appear at the trial, will not be reversed, after the lapse of twelve years, simply because the affidavit of the service by mail of the notice of trial on the defendant's attorney did not allege that the notice was inclosed in a wrapper.

The objection that a provision in the judgment, which declared the issue of the marriage legitimate and gave the plaintiff custody of such issue, was unwarranted, because the defendant, in her answer, had inferentially alleged that the plaintiff knew of the previous marriage at the time the marriage in question was contracted, is not available to the defendant as a ground for a reversal of the judgment.

APPEAL by the defendant, Rushanna Goodwin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 8th day of January, 1890, upon the decision of the court, rendered after a trial at the Queens County Special Term, annulling the marriage between the parties to the action.

*Charles Haldane,* for the appellant.

*A. P. Baxter,* for the respondent.

WOODWARD, J. :

A plain statement of the facts in this case would seem to be sufficient for a disposition of the appeal. The plaintiff brought the action in October, 1889, for an annulment of his marriage with the defendant in 1882, on the ground that the defendant, at the time of the commencement of the action, was the lawful wife of one Thomas Riley, to whom the defendant was married in 1880. The evidence taken upon the trial, the defendant being in default, was sufficient to show that the defendant had a husband living at the time of entering into the marriage relation with the plaintiff in 1882, and a judgment in accordance with the facts was entered on the 8th day of January, 1890, the plaintiff being given the custody of the three children of the union, who were declared to be legitimate and entitled to succeed as such, in the same manner as other legitimate children, to the real and personal estate of the plaintiff. The record does not disclose that the defendant, who was thus judicially deprived of the custody and control of her children, took any steps to prevent the carrying out of this judgment, though it is stated by the respondent's counsel that the defendant did move for an order vacating the judgment, at Special Term, which order was denied, and that no appeal was taken from such order. This motion, if made, was made in 1890, and from that time up to August, 1901, the defendant, though deprived of her children, and

of all rights under her marriage contract with the plaintiff, remained passive, and this court is now asked to reverse this judgment upon the ground that at the time of the trial the court had no proof before it that any notice of trial had ever been served upon her attorney.   This objection is so technical that it is extremely doubtful if it would have been given serious consideration had the defendant acted promptly, and it can certainly have no force after an acquiescence of over ten years, especially where there is no reason to believe that injustice has been done.   The defendant had appeared and answered, so that she had notice that the case was pending, and the only defect in the affidavit of the service of a notice of trial to which our attention is called is that the affidavit does not allege that the notice of trial was inclosed in a wrapper.   The affidavit does say that "on the 21st day of December, 1889, he (deponent) deposited a copy of the annexed notice of trial in this action, in the Post Office at Port Washington, Queens County, New York, directed to Joseph F. Moss, Esq., Nos. 87 & 89 Centre Street, New York City, who is the attorney for the defendant in this action and prepaid the postage thereon.   The said service was duly made after the joinder of issue and at least sixteen days before the commencement of the term."   Under the provisions of section 723 of the Code of Civil Procedure "in every stage of the action the court must disregard an error or defect in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party," and the mere fact that the affidavit of service of notice of trial does not allege that it was inclosed in a wrapper is not very material at this late day.

The only other suggestion made is that the plaintiff could not have the decree as entered and which legitimatized the issue and gave the plaintiff custody of the children, because of the fact that in the defendant's answer she denied that the plaintiff acted in good faith in entering into the marriage relation with her in 1882, and inferentially alleged that he knew of the fact of her previous marriage and that her husband was still living.   The only possible effect of holding this would be to bastardize her own children; it could give her no rights on this appeal, and as the judgment of annulment must stand, this court will not undertake to disturb the status of her children at this time, even though it be conceded that the pleading

raised an issue which might have been tried back in 1889. The error, if it is an error, does not affect the substantial rights of the defendant, and public policy forbids that the judgment should be disturbed at this time.

The appeal should be dismissed, with costs

All concurred.

Appeal dismissed, with costs.